Eastern District of Kentucky
**F I L E D**
APR 0 5 2012
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:11-CV-428-KKC

FIFTH THIRD BANK,                                                         PLAINTIFF

V.                           **OPINION AND ORDER**

GULF COAST FARMS, LLC,
GULF COAST FARMS BLOODSTOCK, LP,
WINSTAR FARM, LLC                                     DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on the Motion to Remand [DE 8] filed by the Plaintiff, Fifth Third Bank, and the Motion to Dismiss the Defendant Winstar Farm, LLC from this action [DE 16] filed by Fifth Third and the other Defendants in this action: Gulf Coast Farms Bloodstock, LP (the "Gulf Coast Partnership") and Gulf Coast Farms, LLC (the "Gulf Coast LLC"). For the following reasons, the Motion to Remand will be DENIED and the Motion to Dismiss will be GRANTED in the manner set forth below. Further, Fifth Third has also filed a Motion to Extend Status Quo Order [DE 9]. Because that motion appears to now be moot, it will be DENIED in the manner set forth below.

I.      **Motion to Remand.**

In its Complaint which was initially filed in Fayette Circuit Court, Fifth Third alleges that it loaned more than $14 million to the Gulf Coast LLC by way of two promissory notes -- one in 2009 and one in 2010 -- and that the Gulf Coast LLC pledged all of its assets as collateral for the notes. It further asserts that the Gulf Coast LLC owns a share of the syndicate which owns the stallion Distorted Humor. It asserts that

Defendant Winstar Farm, LLC is the manager of the Distorted Humor syndicate and that Distorted Humor currently stands at the farm owned by Winstar Farm, LLC.

Fifth Third alleges that, in a separate Fayette Circuit Court action, the state court ordered that all of the horses and stallion shares owned by the Gulf Coast LLC be sold and that all proceeds be paid to Fifth Third. It asserts that Winstar is holding the proceeds from the sale of the Distorted Humor share and that it has refused to give those proceeds to Fifth Third because Winstar asserts that the Gulf Coast Partnership is the actual owner of the Distorted Humor share.

In this action, Fifth Third seeks a declaration that the Gulf Coast LLC owns the Distorted Humor share and that Winstar must give Fifth Third the proceeds from the sale of that share. It also asks for a pre-judgment attachment of any proceeds from the sale of the Distorted Humor share.

The Defendants removed the action asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Fifth Third moved to remand the action to state court, arguing that this case is non-removable under 28 U.S.C. § 1441(b)(2) which provides that a case cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In its Motion to Remand, Fifth Third pointed out that the Defendants asserted in their Notice of Removal that, for purposes of this Court's diversity jurisdiction, the Gulf Coast LLC and Winstar are Kentucky citizens.

In their response, the Defendants state that this assertion was incorrect and that, in fact, neither the Gulf Coast LLC nor Winstar are Kentucky citizens for purposes of diversity jurisdiction. Both the Gulf Coast LLC and Winstar are limited liability

companies. Thus, their citizenship is determined by the citizenship of their members. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Likewise, the citizenship of the Gulf Coast Partnership is determined by the citizenship of its partners. *Id.*

The Defendants state that neither the Gulf Coast LLC nor Winstar has a member that is a Kentucky citizen. They also state that the partners of the Gulf Coast Partnership are not Kentucky citizens. Defendants assertions regarding citizenship are not disputed by Fifth Third. Accordingly, there is complete diversity in this action and no defendant is a citizen of Kentucky. For these reasons, the Motion to Remand will be denied.

## II.   Motion to Dismiss Winstar Farm, LLC.

Fifth Third and the Defendants, the Gulf Coast Partnership and the Gulf Coast LLC, jointly move to dismiss Winstar as a party to this action. In the motion, these parties state that Winstar sold the Distorted Humor share, resulting in net proceeds of $ 220,000 and that Winstar is holding that amount. The parties to this action, other than Winstar, agree that Winstar can be dismissed as a defendant upon its delivery of the $220,000 to the Clerk of the Court. It is the Court's understanding, based upon the documents filed to date in this action, that Winstar asserts no interest in the $220,000.

Accordingly, the Court hereby orders that, within 7 days of the entry date of this order, Winstar shall either deliver the $220,000 to the Clerk of the Court or file an objection to doing so. The Court will further direct the Clerk of the Court to make an entry in the docket of this matter indicating its receipt of the $220,000. Upon that entry, the Court will enter an order dismissing Winstar as a defendant in this action.

Winstar's deliver of the $220,000 to the Clerk of the Court would appear to make

unnecessary the relief requested in Fifth Third's Motion to Extend Status Quo Order [DE 9]. Accordingly, upon the Clerk of the Court's entry indicating its receipt of the $220,000, that motion will be denied as moot.

### III. Conclusion.

For these reasons, the Court hereby ORDERS as follows:

1) Fifth Third's Motion to Remand [DE 3] is DENIED;

2) The Joint Motion to Dismiss Winstar Farm, LLC as a defendant in this action is GRANTED [DE 16] in the following manner:

    a) Within 7 days of the entry date of this Order, Winstar Farm, LLC SHALL DELIVER to the Clerk of the Court the sum of $220,000;

    b) The Clerk of the Court shall maintain the $220,000 in an interest-bearing account;

    c) the Clerk of the Court SHALL make an entry in the docket of this matter indicating its receipt of the $220,000 and, after that entry is made, the Court will enter an order dismissing Winstar Farm, LLC as a defendant in this action and will enter an order denying as moot Fifth Third's Motion to Extend Status Quo Order [DE 9].

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**